# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**SECRETARY, DEPARTMENT OF LABOR,**

    Plaintiff,

v.                                                                            Case No: 5:17-cv-94-Oc-30PRL

**RIVER RANCH BAR & GRILLE, LLC
and RYAN W. BLAKESLEE**

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter was initiated by the Secretary of the Department of Labor pursuant to § 17 of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 217, and arises from alleged violations of wage provisions at Defendants' restaurant in Crystal River, Florida. The case was referred to me by the District Judge to conduct a show cause hearing as to why Defendants should not be held in civil contempt for failing to comply with the Default Judgment (Doc. 20) entered in this case, and why the relief sought in the Secretary's Petition for Adjudication in Civil Contempt (Doc. 23) should not be granted. I conducted the hearing on April 10, 2018, and counsel for the Secretary appeared, but no appearance was made on behalf of Defendants. For the reasons stated below, I recommend that Defendants be found in contempt, and that sanctions be imposed if Defendants persist in failing to comply with the Default Judgment.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

### I.     Background

This action arises from alleged violations of the wage provisions of the FLSA at the River Ranch Bar & Grille, Defendants' restaurant in Crystal River, Florida. (Doc. 1). Previously, following personal service of the Complaint upon Defendant Ryan W. Blakeslee, who is both the owner and registered agent for the corporate Defendant, Defendants failed to make any appearance. Default Judgment was subsequently entered against Defendants. (Doc. 20). The Default Judgment included decrees that Defendants are enjoined from violating the FLSA, and that Defendants shall distribute to employees back wages and liquidated damages due under the FLSA. The Secretary contends that Defendants had full and complete knowledge of the Default Judgment and its terms, and recites that the Secretary sent Defendants a letter on October 13, 2013 via certified mail (and later received a return receipt confirming delivery) forwarding the Judgment and directing Defendants to the payment provisions. (Doc. 23, ¶ 3). The Secretary further recites that Kim Adams, a representative of Defendant's restaurant, called counsel for the Secretary on November 2, 2017 to confirm receipt of the letter and confirmed that she was in contact with Defendant Blakeslee. (Doc. 23, ¶ 3). The Secretary avers that Defendants have not paid any portion of the back wages or liquidated damages due under the Judgment, leaving a balance due of $27,862.18.

Consequently, on February 5, 2018, the Secretary filed a Petition for Adjudication in Civil Contempt (Doc. 23), requesting that the Court: (1) pursue civil contempt proceedings against Defendants if they continue to fail to comply with the Judgment; (2) direct Defendants to pay the amount due under the judgment, including post-judgment interest; (3) impose a daily fine upon Defendants until they continue to comply with the Judgment, and (4) that Defendants be ordered

to reimburse the Secretary for expenses incurred in this litigation. The District Judge entered an Order to Show Cause (Doc. 24) scheduling the matter for hearing before the undersigned. Pursuant to the Order to Show Cause (Doc. 24), the Secretary had a copy of the Order, the Petition, and the Default Judgment served upon Defendants by the U.S. Marshal. The docket reflects that on March 7, 2018, the U.S. Marshal served the documents by delivering them to Kim Adams, Defendant's Manager at the restaurant's location at 631 N. Citrus Avenue, Crystal River, Florida. (Docs. 25 & 26).

During the hearing on April 10, 2018, counsel for the Secretary stated that she has previously been in contact with Defendants' manager, Kim Adams, and that Ms. Adams claimed that Defendants could not pay the judgment in a lump sum. Counsel for the Secretary explained that the agency is reasonable, and therefore requested that Defendants provide certain financial documentation. As explained by counsel for the Secretary, following that request Defendants ceased all communications.

The Secretary now seeks a finding of contempt and the imposition of a daily fine against the Defendants until the contempt is purged. The Secretary proposes a daily fine in the amount of $500 and provides support for the imposition of such an amount. (Doc. 29). The Secretary further seeks, and is entitled to, attorney's fees and costs incurred in this proceeding. *See McComb v. Norris*, 177 F.2d 357, 360 (4th Cir. 1949) (holding that, in contempt proceedings to enforce injunction against violating the FLSA, the Secretary was entitled to expenses incurred in investigating and presenting the contempt case); *Tobin v. La Duke*, 190 F.2d 677, 678 (9th Cir. 1951).

## II. Legal Standards

Courts possess inherent power to enforce compliance with their lawful orders through civil contempt. *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). Generally speaking, a finding of civil contempt must be supported by clear and convincing evidence that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. *F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citing *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002)).

These standards, however, have been more clearly defined in cases brought by the Secretary under the FLSA. In a civil contempt proceeding in a case brought by the Secretary of Labor under the FLSA, the Secretary establishes a prima facie case for civil contempt by proving than an employer is delinquent in complying with a section 17 order. *Hodgston v. Hotard*, 436 F.2d 1110, 1114 (5th Cir. 1971).[2] "The Secretary does not bear the burden of showing that the employer is able to comply with the earlier judgment." *Id.* Rather, the employer must show that he cannot meet the demands of the Court, and it is a heavy burden. *Id.* Placing the burden of showing financial inability to comply on the employer is appropriate because the issue rests on facts that are within the employers' knowledge and control. *Id.* at 1115.

When an order requires a party to pay a certain sum, a showing by the alleged contemnor that he or she was unable to pay the entire amount is insufficient to avoid being held in contempt; instead, the alleged contemnor must be able to show an inability to pay any portion of the amount in question. *See, e.g., Piambino v. Bestline Products, Inc.*, 645 F.Supp. 1210, 1214 (S.D.Fla.1986)

---

[2] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

("[A] person subject to court order must comply to the fullest extent possible, regardless of whether such efforts result in compliance in whole or part.").

Further, when imposing sanctions for civil contempt, a court "ha[s] numerous options, among them: a coercive daily fine, a compensatory fine, attorneys' fees and expenses ... and coercive incarceration." *Citronelle–Mobile Gathering, Inc.*, 943 F.2d at 1304.

### III.   Discussion

Here, by clear and convincing proof, the Secretary has demonstrated that the Default Judgment is valid and lawful, the directives therein were clear and unambiguous, and Defendants have failed to comply with the terms of the Default Judgment. To be specific, Defendants have not disputed any of the elements above; indeed, they have not made any appearance in this case.

And Defendants have failed to appear despite the fact that Defendant Ryan Blakeslee was personally served with the Complaint on May 30, 2017. (Doc. 9). Notably, at all relevant times Blakeslee has been the registered agent and sole authorized person listed in the company's corporate records with the Division of Corporations of the State of Florida. (*See* http://dos.myflorida.com/sunbiz/search/, Document No. L15000026940). On March 7, 2018, Defendants were formally provided notice again, via service of the Petition and Default Judgment by the U.S. Marshal upon the restaurant's manager, Kim Adams. (Docs. 25 & 26). The Secretary has further advised the Court that Ms. Adams has been in contact with counsel for the Secretary regarding this matter, and has confirmed that Mr. Blakeslee is aware of the case.

Courts have imposed a daily fine to compel compliance and this Court should do the same. (See e.g. Doc. 29). The Secretary has provided authority demonstrating that the proposed daily fine of $500 per day is reasonable in light of similar cases. *See Acosta v. Quality Tool Repair*, No. 2: 17-cv-00550-AKK (N. D. Ala. Sept. 3, 2017) (imposing coercive daily fine of $5,000 per day

for failing to respond to Secretary's administrative subpoena); *Hugler v. Guard Services Int. Inc., et al.*, No. 1:16-MI-0036-CAP-JSA (N. D. Ga. Mar. 22, 2017) (imposing coercive daily fine of $500 per day for failing to cooperate with Secretary's investigation); *Perez v. United Assoc. Lighting Co., et al*, No. 3:15-MC-093-GCM-DCK (W.D.N.C. Dec. 8, 2015 )(imposing coercive daily fine of $100 per day for failing to comply with the Secretary's administrative subpoena).

### IV.     Recommendation

Upon due consideration, the undersigned finds that it is appropriate to exercise the coercive contempt power of the Court under the circumstances presented in this case. Consequently, I **recommend** that the Secretary's Petition for Adjudication in Civil Contempt (Doc. 23) be **granted** and that Defendants be held in contempt, and that sanctions be imposed if Defendants persist in failing to comply with the Default Judgment. I recommend:

(1) That **Defendants be found in civil contempt** for failing to comply with the Default Judgment. Defendants may purge themselves of the civil contempt by, within 10 days of the entry date of an Order issued by the District Judge adopting this Report and Recommendation, contacting counsel for the Secretary and providing payment of the amount due under the Default Judgment ($27,862.18, plus post-judgment interest in accordance with 28 U.S.C. § 1961 from the date of the original Judgment until paid);

(2) That if Defendants do not purge themselves of the civil contempt, **a daily fine, in the amount of $500 per day**, be imposed against Defendants until they are in compliance with the Default Judgment.

(3) That Defendants be required to pay the Secretary's attorney's fees and costs incurred in this proceeding.

Finally, the **U.S. Marshal** is directed to serve Defendants with a copy of this Report and Recommendation.

Recommended in Ocala, Florida on April 13, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy